

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wallace Scott
Securities Commissioner
Secretary of State's Office
Austin, Texas

Dear Sir:

Opinion No. O-2415
Re: Whether the John Hancock Mu-
tual Insurance Company and
the Jefferson Standard Life,
Health and Accident Insurance
Company by negotiation of
loans of their own money, be-
come subject to the Real
Estate Dealers' License Act?

Your letter of May 24, 1940, requesting an opin-
ion of this Department on the question as is herein stated
has been received.

We quote from your letter as follows:

"On February 1, 1940 this office requested
the opinion of your department as to whether
companies such as the John Hancock Mutual and
Jefferson Standard, etc., are subject to the
Real Estate Dealers' License Act. Your depart-
ment, in Opinion No. O-1925, stated:

'The provisions of the above men-
tioned act do not apply to, and the
terms "Real Estate Dealer" and "Real
Estate Salesman" as above defined by
the statute, do not include any person
or company who, as owner or lessor,
perform any of the acts set out in Sec-
tion 2, Subdivision (a) with reference

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to property owned or leased by them, or to the regular employees thereof with reference to the property owned or leased by such person or company where such acts are performed in the regular course of, or as incident to, the management of such property and the investment therein, unless such person or company is engaged in the business of buying, selling, exchanging, leasing, or renting of property and holding himself or itself out as a full or part-time dealer in real estate. We believe that the buying, selling, exchanging, leasing, or renting of property obtained under foreclosure proceedings by the companies above named or like companies would be acts performed in the regular course of, or as incident to, the management of such property and the investment therein.

'Therefore, you are respectfully advised that it is the opinion of this department that the John Hancook Mutual Insurance Company and the Jefferson Standard Life, Health and Accident Insurance Company and like companies when engaged in the above mentioned acts would not be subject to the Real Estate Dealers License Act.'

"This department would now appreciate your opinion as to whether or not the exemption in subdivision (a) of Section 2 with reference to property owned or leased by them or to the regular employees thereof with reference to property owned or leased by such person or company where such acts are performed in the regular course of or as pertaining to the management of such property and investment therein extends to the negotiation of loans by such company. You state in your opinion as quoted above that such companies would not be subject to the Act when engaged in buying, selling, exchanging, leasing or renting of property obtained under foreclosure proceedings by such company.

"Such companies in addition to the activi-
ties referred to in your opinion quoted above
are also engaged in the solicitation of loans,
the money lent being money of such companies.

"We would, therefore, appreciate your ad-
vice now as to whether by negotiation of loans
of their own money, they become subject to the
Real Estate Dealers' License Act?"

The applicable portions of House Bill No. 17,
as passed by the Forty-sixth Legislature, commonly known
and cited as "The Real Estate Dealers' License Act" are
quoted in our opinion No. O-1925. We are enclosing a copy
of this opinion and will not quote the applicable portions
thereof above referred to.

Opinion No. O-1925, supra, holds that the buying,
selling, exchanging, leasing, or renting of property ob-
tained under foreclosure proceedings by the companies above
named or like companies would be acts performed in the regu-
lar course, or as incident to, the management of such prop-
erty and the investment therein and that the John Hancock
Mutual Insurance Company and the Jefferson Standard Life,
Health and Accident Insurance Company and like companies
when engaged in the above mentioned acts would not be sub-
ject to the Real Estate Dealers' License Act.

In the request we now have under consideration,
we have a question different from the question presented
in the original inquiry in Opinion No. O-1925 and one that
was not passed upon in that opinion.

Subdivision (a) of Section 2 of House Bill No. 17,
as passed by the Forty-sixth Legislature, supra, among other
things specifically provides that:

"The term 'Real Estate Dealer' shall in-
clude every person or company, other than a
salesman, and licensed and registered attor-
neys, who for another or others for compensa-
tion or other valuable consideration, . . .
negotiates, or offers, or attempts, or agrees
to negotiate a loan, secured or to be secured
by mortgage or other incumbrance upon the
transfer of real estate; . . ."

Honorable Wallace Scott, Page 4


It will be noted under the above quoted provision of House Bill No. 17, Acts of the Forty-sixth Legislature, supra, that the term "Real Estate Dealer" includes every person or company, other than a salesman, and licensed and registered attorneys, who for another or others for compensation or other valuable consideration, negotiates, or offers, or attempts, or agrees to negotiate a loan, secured or to be secured by mortgage or other incumbrance upon the real estate are included within the definition of the term "Real Estate Dealer". We are of the opinion that sub-division (a) of Section 2 of House Bill No. 17, supra, clearly does not by its terms include a person or company who negotiates loans of their own money.

Therefore, your question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ew
Encl.

APPROVED JUN 7, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN